UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW KEITH ALWARD,

     Petitioner,

v.

22ND CIRCUIT COURT, et al.,

     Respondents.

Case No. 24-cv-13109

Honorable Robert J. White

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPELABILITY

I.    Introduction

Matthew Alward is currently incarcerated with the Bureau of Prisons at the Federal Correctional Institution in Cumberland, Maryland (FCI-Cumberland).  He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court sentence running concurrently with his federal sentence.  For the following reasons, (1) the petition for a writ of habeas corpus is dismissed without prejudice, and (2) the Court declines to issue a certificate of appealability.

II.    Background

Alward is serving a 10-year federal prison sentence after pleading guilty to one count of conspiracy to distribute with intent to distribute fifty grams or more of

methamphetamine. (*United States v. Alward*, Case No. 19-cr-261 (W.D. Mich.), ECF No. 46).  While serving his federal sentence, Alward pled guilty in two state court criminal prosecutions – one in Wayne County Circuit Court, *People v. Alward*, Case No. 19-006351-01-FH, and another in Washtenaw County Circuit Court, *People v. Alward*, Case No. 19-000750-FH.  Alward appealed the Washtenaw County conviction to the Michigan Court of Appeals.  That appeal remains pending. *People v. Alward*, Case No. 372410, https://www.courts.michigan.gov/c/courts/coa/case/372410 (last visited Dec. 13, 2024).

Alward now petitions for a writ of habeas corpus, claiming that the Washtenaw County Circuit Court failed to properly credit the time he already served in federal custody when imposing a concurrent state sentence. (ECF No. 1, PageID.1-2).[1]

III.    Analysis

   A.    *Subject-Matter Jurisdiction*

---

[1] The Washtenaw County Circuit Court register of actions indicates that the state circuit judge credited Alward's sentence for 900 days "Time Served" and indicated that the sentence would run concurrently with his "Federal Prison Case." *People v. Alward*, Case No. 19-000750-FH, Register of Actions, https://tcweb.ewashtenaw.org/PublicAccess/CaseDetail.aspx?CaseID=387352 (last visited Dec. 13, 2024). *See Clark v. Stone*, 998 F.3d 287, 297 n.4 (6th Cir. 2021) ("Courts may take judicial notice of the proceedings of other courts of record.").

Before addressing Alward's central claim, the Court must first ascertain whether it possesses the jurisdiction necessary to consider the habeas petition. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").  The jurisdiction to award a habeas writ under section 2254 hinges upon whether the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States").

In *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam), the United States Supreme Court read section 2254 "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  This element is satisfied when an inmate in federal custody challenges a state conviction whose sentence remains unexpired. *See id.* at 493; *see also Rhodes v. Streeval*, No. 18-5906, 2019 U.S. App. LEXIS 22314, at *4 (6th Cir. Jul. 25, 2019) (holding that the "district court had jurisdiction to consider" a federal inmate's "challenge to his 1993 conviction because he is subject to an unexpired state sentence and state officials have filed a detainer against him with federal authorities."); *Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001) (affirming

the dismissal of a habeas petition on jurisdictional grounds because, "though currently in federal custody," the petitioner was not "subject to any unexpired state sentences.").

Alward fits neatly within these parameters.  He is incarcerated with the Bureau of Prisons.  And he is challenging the calculation of an unexpired sentence resulting from a state conviction.   Since Alward meets section 2254's "in custody" requirement, the Court has jurisdiction to consider the petition.

B.    *Prematurity*

At the outset, the main hurdle to entertaining Alward's habeas petition is that his state conviction and sentence are not yet final. *Farris v. Bergh*, No. 17-12555, 2018 U.S. Dist. LEXIS 47812, at *4-5 (E.D. Mich. Mar. 23, 2018).  The conviction and sentence become "final" after "direct review is completed" in the state courts or "the time for seeking it expires." *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 609 (6th Cir. 2013).  Because Alward's appeal from his conviction and sentence remain pending in the Michigan Court of Appeals, the habeas petition must be dismissed as premature. *See Hicks v. Skipper*, No. 19-12206, 2019 U.S. Dist. LEXIS 183744, at *4-5 (E.D. Mich. Oct. 24, 2019).

C.    *Exhaustion of State Remedies*

Alward is also not entitled to habeas relief for another reason.   Prisoners seeking federal habeas relief must first exhaust any available state court remedies

before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *see also Picard v. Connor*, 404 U.S. 270, 275-78 (1971).  District courts must dismiss habeas petitions containing unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004); *see also Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).  Habeas petitioners carry the burden of pleading and establishing exhaustion. *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Claims like Alward's – *i.e.,* that he did not receive the appropriate amount of state sentence reduction credits – must be fairly presented to the state courts before a federal court will entertain them on habeas review. *See Phillips v. Sundquist*, No. 96-5265, 1997 U.S. App. LEXIS 2112, at *4-5 (6th Cir. Feb. 4, 1997); *Hughes v. Bauman*, No. 10-13255, 2011 U.S. Dist. LEXIS 148235, at *5 (E.D. Mich. Dec. 27, 2011) (holding that the petitioner failed to exhaust his state court remedies prior to challenging the forfeiture of disciplinary credits on habeas review).

But the exhaustion doctrine applies only when state law affords inmates with adequate procedures to raise their claims in state court. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003).  Michigan law provides Alward with such a mechanism.  Prisoners may file a state habeas petition to challenge whether the Michigan Department of Corrections has the authority to continue an inmate's incarceration beyond a completed prison sentence. *See Cross v. Dep't of Corr.*, 103 Mich. App. 409 (1981).  Michigan Court Rule 3.303(A)(2) authorizes the

commencement of state habeas actions in the county where the prisoner is incarcerated.

Although orders denying state habeas relief are not appealable as of right, the Michigan Court of Appeals may review them if the prisoner files an original complaint seeking state habeas relief in that tribunal. *See Triplett v. Deputy Warden*, 142 Mich. App. 774 (1985); *see also Parshay v. Buchkoe*, 30 Mich. App. 556 (1971). So long as the prisoner is in custody when the judgment becomes effective, there is no time limitation on when an original habeas action may be instituted. *Triplett*, 142 Mich. App. at 779. The Michigan Supreme Court may then review the denial of habeas relief in the event the prisoner applies for leave to appeal. Mich. Ct. R. 7.303(B)(1); Mich. Ct. R. 7.305.

Because Alward has not exhausted his challenge to the calculation of state sentence reduction credits in the Michigan state courts, section 2254 habeas relief is currently unavailable.[2]

---

[2] It appears that Alward recently filed an original complaint for a "writ of superintending control" in the Michigan Court of Appeals. *In re Alward*, Case No. 373678, https://www.courts.michigan.gov/c/courts/coa/case/373678 (last visited Dec. 13, 2024); *see also* Mich. Ct. R. 3.302. Whether the complaint challenges the Washtenaw County Circuit Court's failure to grant Alward the appropriate amount of state sentence reduction credits is unclear.

### D.    Certificate of Appealability

Lastly, the Court declines to issue a certificate of appealability.  Before Alward

may appeal this Court's ruling, "a circuit justice or judge" must issue a certificate of

appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A habeas

petitioner must make a substantial showing of the denial of a constitutional right to

receive a certificate of appealability. 28 U.S.C. § 2253(c)(2).  An appeal from the

district court's order denying habeas relief on procedural grounds may be taken if

the petitioner demonstrates that (1) jurists of reason would find it debatable whether

the petitioner states a valid claim of the denial of a constitutional right, and (2) jurists

of reason would find it debatable whether the district court was correct in its

procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court denies a certificate of appealability because jurists of reason would

not debate whether the petition should be dismissed on account of (1) its prematurity,

or (2) Alward's failure to exhaust his state court remedies. *See McDuffie v. Sloan*,

No. 16-3531, 2017 U.S. App. LEXIS 29342, at *1-2 (6th Cir. Jan. 23, 2017).  Leave

to proceed *in forma pauperis* on appeal is likewise unwarranted because any appeal

would be frivolous. *See* Fed. R. App. P. 24(a).  Accordingly,


IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is

dismissed without prejudice.

IT IS FURTHER ORDERED that the Court declines to issue a certificate of appealability.

IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

IT IS FURTHER ORDERED that Alward's pending motions to produce a certified account history (ECF No. 7), to quash a state detainer (ECF No. 8), and for summary judgment (ECF No. 10), along with his "petition" for a preliminary injunction (ECF No. 4) are all denied as moot.

Dated: December 16, 2024                 s/ Robert J. White
                                         Robert J. White
                                         United States District Judge